James Burr Shields – 011711
Paige C. Pataky – 029951
SHIELDS PETITTI, PLC
5090 N. 40th Street, Suite 207
Phoenix, AZ 85018
(602) 718-3330
burr@shieldspetitti.com
pcp@shieldspetitti.com
docket@shieldspetitti.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan Veatch,<br><br>Plaintiff,<br><br>vs.<br><br>City of Scottsdale, a municipal corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff, Bryan Veatch, for his Complaint against the City of Scottsdale alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a resident of Maricopa County, Arizona.

2. Defendant, City of Scottsdale, is a municipal corporation located in Maricopa County, Arizona.

3. At all times relevant, Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e)(1).

4. Defendant is an employer within the meaning of 29 U.S.C. § 203(d).

5. Defendant caused the events and actions complained of herein to occur in Maricopa County, Arizona, which is within this Court's jurisdiction.

6. Plaintiff brings this suit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq. as a result of Defendant's failure to pay Plaintiff overtime compensation for all hours worked over 40 during work weeks in which Plaintiff performed work over 40 hours.

7. At all times material, Defendant was, and continues to be, engaged in Interstate Commerce as defined by the FLSA and has generated revenue of at least $500,000.

8. This Court possesses jurisdiction under 28 U.S.C. § 1331.

9. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) as the events which give rise to the Complaint occurred in this District.

## JURY DEMAND

10. Plaintiff requests a trial by jury.

## FACTUAL BASIS FOR FLSA CLAIM

11. Defendant operates as a municipal corporation in Maricopa County, Arizona.

12. Defendant employed Plaintiff as a Waste Water Collections Operator for a period of three years prior to December 1, 2021.

13. During the time period relevant to the claim alleged in this Complaint for unpaid overtime, Plaintiff's regular rate of pay was approximately $35.66.

14. Plaintiff was a nonexempt employee within the meaning of the FLSA.

15. Plaintiff regularly worked more than 40 hours during a work week and, typically, worked at least 44 hours per week; however, Defendant paid him for 40 hours per week, only. Additionally, approximately once per month, Plaintiff would be required to work "special projects" during which time Plaintiff would typically work 52 hours per week.

16. At all times in which Plaintiff worked hours in addition to 40 during a work week, Defendant knew or should have known that he was working said hours. Thus, for all hours Plaintiff worked for which he was not paid overtime, Defendant suffered and/or permitted Plaintiff to work said hours within the meaning of 29 U.S.C. § 203(g).

## COUNT I – Violation of FLSA

17. Plaintiff realleges and incorporates all allegations in the preceding paragraphs as though fully set forth herein.

18. Section 207 of the FLSA provides in relevant part:

> [N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at the rate not less than one and half times the regular rate at which he is employed.

19. Section 216(b) of the FLSA provides in relevant part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . .

20. Plaintiff was entitled to be paid one and one-half times his regular hourly rate of pay for each and every hour worked in excess of 40 hours per workweek.

21. In the course of his employment with Defendant/City of Scottsdale during the above-referenced time period, Plaintiff worked the hours required of him, in excess of the overtime hours for which he was paid.

22. The pay practices of Defendant/City of Scottsdale, as described in the above paragraphs, violated the FLSA.

23. Plaintiff has been harmed and suffered damages by being denied his wages and overtime wages in accordance with the FLSA, plus incurred costs and reasonable attorneys' fees.

24. The precise amount of Plaintiff's unpaid wages and overtime wages will be determined during discovery.

25. As a result of Defendant/City of Scottsdale's unlawful acts, Plaintiff is entitled to recovery of overtime wages, liquidated damages in twice that amount, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

26. Defendant/City of Scottsdale's violations of the FLSA are willful and intentional because Defendant was aware of the FLSA's overtime provisions and that Plaintiff was not exempt, yet did not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, Plaintiff prays for relief against Defendant/City of Scottsdale as follows:

a. An Order declaring that Defendant/Ahern violated the FLSA;

4

b. An Order declaring that Defendant/Ahern's FLSA violations were willful with respect to Plaintiff;

c. Judgment for Plaintiff against Defendant/City of Scottsdale for the overtime payments due Plaintiff for the hours worked without proper compensation as set forth in 29 U.S.C. § 216(b);

d. Liquidated damages against Defendant/City of Scottsdale as set forth in 29 U.S.C. § 216(b);

e. An order awarding Plaintiff reasonable attorneys' fees along with costs and expenses against Defendant/City of Scottsdale pursuant to 29 U.S.C. § 216(b); and

f. Any and all other relief the Court deems just and proper.

DATED this 30th day of December 2021.

SHIELDS PETITTI, PLC

By /s/ James Burr Shields
James Burr Shields
Paige C. Pataky
5090 N. 40th Street, Suite 207
Phoenix, Arizona 85018
Attorneys for Plaintiff